UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GAIL GUIDRY and
ALLEN GUIDRY, Plaintiffs

v.                                                                           Civil Action No.:

THE RITZ-CARLTON HOTEL COMPANY, L.L.C.        Section:
and
MARRIOTT INTERNATIONAL, INC., Defendants

## **COMPLAINT FOR DAMAGES**

NOW INTO COURT through undersigned counsel comes plaintiffs Gail Guidry and Allen Guidry, who respectfully moves and represents as follows:

(1)

There is federal jurisdiction of this matter inasmuch as plaintiffs are citizens and domiciliaries of Louisiana, defendants are a foreign limited liability company and foreign corporation which are citizens of a state other than Louisiana (Maryland or Delaware, on information and belief), and the amount in controversy herein, exclusive of attorney fees, interest, and costs, is in excess of seventy five thousand dollars ($75,000.00).

(2)

Plaintiff Gail Guidry is a person of full age of majority and a resident of Jefferson Parish, State of Louisiana.

Plaintiff Allen Guidry is a person of full age of majority and a resident of Jefferson Parish, Stat of Louisiana.

Made defendants herein are:

THE RITZ-CARLTON HOTEL COMPANY, L.L.C. ("RITZ LLC"), a foreign LLC authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court;

MARRIOTT INTERNATIONAL, INC. ("MARRIOTT"), a foreign corporation authorized to do and doing business in the State of Louisiana and within the jurisdiction of this Honorable Court.

(3)

On information and belief, defendants herein own and operate the Ritz Carlton Hotel on Canal Street in New Orleans. Plaintiffs do not know how responsibility for ownership and management is allocated between these two entities. Therefore, out of an excess of caution, plaintiffs name both entities as defendants herein and plaintiffs allege that these entities share legal responsibility for the injuries complained of herein.

(4)

On or about December 17, 2016, Plaintiff Gail Guidry was visiting the hotel when she incurred an injury as follows.

(5)

At some point prior to the events in question herein, a pipe in the ceiling of a hallway in the hotel began to leak. The leak gradually ate through the ceiling and water began dripping onto the floor of the hotel, forming a puddle.

(6)

Judging by the size and condition of the hole and the area surrounding it, this condition was in existence for at least several hours prior to the injury to Plaintiff Gail Guidry inasmuch as the

appearance of the hole in the ceiling indicates it was gradually created by the dripping of water from the pipe which wet and softened the ceiling and, after some passage of time, eventually weakened the ceiling to the point that the hole emerged and increased in size.

(7)

This condition must have been apparent to hotel staff members performing their duties, including the duties of routine inspection and maintenance, prior to the events in question here, inasmuch as the leak gradually created a hole in the ceiling which was apparent to anyone looking at the ceiling and the water dripping through the hole created a puddle of clear water on the floor which would have been apparent to anyone responsible for mopping, sweeping, or inspecting the floor. Accordingly, hotel employees had actual or constructive knowledge of the presence of the leak and puddle at least several hours prior to the time of Mrs. Guidry's injury.

(8)

During the time period after the leak formed and prior to Mrs. Guidry's injury, no one placed any type of "wet floor" or "caution" sign in the vicinity of the leak, no one placed a pail to catch the leaking water, and, as far as plaintiffs can determine, no one took any step to repair the leaking pipe.

(9)

During the course of her visit to the hotel, Mrs. Guidry proceeded normally down the hallway, which was open to the public. Mrs. Guidry did not focus her eyes exclusively on the floor and, instead, Mrs. Guidry was ordinarily observant: Mrs. Guidry looked around to observe the sights on display, Mrs. Guidry looked ahead so that she could observe and avoid oncoming persons, and Mrs. Guidry also conversed with her companions, all of which is normal behavior to be expected of a hotel guest. Thus, while Mrs. Guidry glanced at the floor from time to time as she proceeded,

Mrs. Guidry did not inspect the floor closely and Mrs. Guidry did not see the clear puddle of water that had formed on the floor as the result of the leak.

(10)

Mrs. Guidry stepped in the puddle which had formed due to the leak and her feet slipped out from under her, causing her to fall.

(11)

Gail Guidry suffered serious injuries in the fall, including injuries to her neck, back, and leg. As a result of these injuries, plaintiff has incurred medical bills and plaintiff expects to incur additional medical bills in the future. This fall exacerbated her previous medical conditions and caused further damage to her spine. Plaintiff has undergone mental and physical pain and suffering, causing her previous disability to be unbearable, and expects to have continued mental and physical pain and suffering for the foreseeable future. It is not known whether or when her injuries will resolve and it is not known whether plaintiff will have the mobility she once enjoyed before the accident.

(12)

At all times prior to the occurrence complained of herein, Mr. and Mrs. Guidry lived happily as Husband and Wife. Mr. Guidry derived comfort, aid, services, and assistance from Mrs. Guidry, and they engaged in the customary marital acts with normal and ususal frequency. As a result of the injuries alleged herein to Mrs. Guidry, Mr. Guidry has been and will be deprived of the comfort, aid, services, assistance, and enjoyment of his Wife which he ought to have had, and otherwise would have had, but for said occurrence; and Mr. Guidry, during all of such time suffered, and will continue to suffer, mental anguish in addition to the loss and deprivation of the full comfort, aid, service,

assistance and enjoyment of his Wife, Mrs. Guidry.

(13)

The exact amount necessary to reasonably compensate plaintiffs for the injuries and loss of consortium complained of herein is unknown at this time, but on information and belief, a fair amount to compensate plaintiffs could be as high as three hundred thousand dollars ($300,000.00).

(14)

The injuries and damages complained of herein were caused by the fault and neglect of defendants in the following respects:

(A) Negligent failure to exercise reasonable care to maintain the pipe in good repair; and/or

(B) Negligent failure to exercise reasonable care to inspect the ceilings and hallways, including the ceiling and hallway where the leaking pipe occurred; and/or

(C) Liability under La.C.C. Art. 2317 and/or La.C.C. 2322 for injuries caused by defect in premises under defendants' care, custody, and control; and/or

(D) Liability under the Louisiana Merchants Liability Statute, LSA-R.S. 9:2800.6; and/or

(E) Liability for such other acts of fault or neglect as may be proved hereafter.

WHEREFORE plaintiffs Gail Guidry and Allen Guidry pray that, after due proceedings had, there be judgment in their favor and against defendants THE RITZ-CARLTON HOTEL COMPANY, L.L.C. and MARRIOTT INTERNATIONAL, INC. in the amount of three hundred thousand dollars ($300,000.00) or such other amount as may be shown to be reasonable based on the evidence herein, for all costs of court, and for interest on all amounts awarded from date of judicial demand until paid.

Respectfully submitted, this the 8th day of March, 2017.

BY:    GAIL GUIDRY

BY:    ALLEN GUIDRY

BY :   /s/ George W. Healy, IV
      George W. Healy, IV (LABN 14991)
      George W. Healy, IV & Associates
      1323 28th Avenue, Suite A
      Gulfport, MS 39501
      Telephone: 228-575-4005
      Facsimile: 228-575-4006
      *Attorney for Plaintiffs*

      AND

/s/ Randy J. Ungar
Randy J. Ungar, (LABN 12387)
No. 5 Tara Place
Metairie, LA 70002
Telephone: 504-517-5879
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GAIL GUIDRY and
ALLEN GUIDRY, Plaintiffs

V.                                                                  CIVIL ACTION NO.

THE RITZ-CARLTON HOTEL COMPANY, L.L.C.         SECTION:
and
MARRIOTT INTERNATIONAL, INC., Defendants

**VERIFICATION PURSUANT TO 28 USC 1746**

NOW INTO COURT comes Gail Guidry, who respectfully represents as follows:

I have read the above and foregoing complaint and the statements therein are accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of March, 2017.

_____
Gail Guidry

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GAIL GUIDRY and
ALLEN GUIDRY, Plaintiffs

V.                                                          CIVIL ACTION NO.

THE RITZ-CARLTON HOTEL COMPANY, L.L.C.      SECTION:
and
MARRIOTT INTERNATIONAL, INC., Defendants

## VERIFICATION PURSUANT TO 28 USC 1746

NOW INTO COURT comes Allen Guidry, who respectfully represents as follows:

I have read the above and foregoing complaint and the statements therein are accurate to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 8th day of March, 2017.

_____
Allen Guidry